IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAHMAN TABIBI,<br>TDCJ NO. 1769512, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-3228 |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Bahman Tabibi, a prisoner of the Estelle Unit of the Texas Department of Criminal Justice (TDCJ), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ disciplinary hearing. This action will be dismissed because it is baseless.

### I. Procedural History and Claims

Tabibi is serving a six-year sentence in TDCJ pursuant to a 2012 conviction for aggravated assault with a deadly weapon in the 319th State District Court of Tarrant County (Docket Entry No. 1, p. 2).[1] See also TDCJ Website, http://offender.tdcj.state.tx.us/.

---

[1] Although Tabibi was convicted in Fort Worth, which is located in the Northern District of Texas, he is presently in custody in a TDCJ unit located in the Southern District of Texas. Thus, this court retains jurisdiction over the petition. See Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

Tabibi does not challenge his state court judgment in this action. His habeas petition concerns a recent prison administrative disciplinary proceeding in which he was found guilty of violating TDCJ rules. (Docket Entry No. 1, p. 2) Tabibi states that he was found guilty of threatening an officer and that he received the following punishments: 45 days of restrictions on privileges; a demotion to Line Class 2; ten days' confinement in Prehearing Detention (PHD); and reassignment to G4 custody for six months. Id. at 3-4. He also indicates that he forfeited 80 days of good-time credit as a result of the hearing. Id. at 3.

Tabibi complains that he was denied due process because favorable witnesses and supporting documents were excluded from the hearing. Id. at 4. He alleges that the officer had a history of "getting threatened" and that the officer had previously warned Tabibi that he would file charges against him before the incident happened. Id. Tabibi further claims that there was insufficient evidence to support the charge. Id. He also contends that the punishment imposed was too severe and that his appeal was not adequately investigated. Id. at 5. Tabibi seeks an order overturning the disciplinary case.

## II. **Analysis**

Courts have recognized that "'[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not

apply.'" Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001), quoting Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974). A disciplinary officer's decision will be upheld if there is some evidence to support his finding and in most cases he is not obligated under the Constitution to consider all of the evidence that a prisoner might want him to consider. Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001); see also Wilson v. Greetan, 571 F. Supp. 2d 948, 956 (W.D. Wis. 2007), citing Sandin v. Conner, 115 S. Ct. 2293 (1995). An inmate's due process rights are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin, 115 S. Ct. at 2300.

Tabibi complains that there was insufficient evidence to convict him. If the charging officer gave some probative evidence connecting Tabibi to the alleged threat, this would be sufficient to uphold a finding of guilt. See Hudson, 242 F.3d at 536-37. On the other hand, a prison disciplinary hearing officer cannot make such a determination based solely on unreliable evidence such as an unnamed informant. See Broussard, 253 F.3d at 876-77. Although there may be an issue as to whether Tabibi has asserted a challenge regarding the lack of evidence, his claim is nevertheless subject to dismissal because he has failed to show that the punishments imposed are actionable.

Under Texas law certain eligible prisoners may be released under mandatory supervision before the expiration of their sentence

-3-

if they have received time credits for good conduct and calendar-time credit plus their good-time credit equals the term of their sentence. TEX. GOV'T CODE ANN. § 508.147 (West 2012). Tabibi's claim might be actionable if his date of release under mandatory supervision were actually delayed by a disciplinary proceeding in which his procedural due process rights were violated. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). However, Tabibi was convicted of aggravated assault with a deadly weapon, which renders him ineligible for such a release. See TEX. GOV'T CODE Ann. § 508.149(7) (Vernon 2014). Therefore, he cannot assert an actionable claim regarding the forfeiture of time credits. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Tabibi also asserts that restrictions were placed on him as a result of the disciplinary finding. These generally consist of a temporary deprivation of commissary and property privileges that are merely changes in the conditions of a prisoner's confinement and therefore do not implicate due process concerns. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). They are not the type of penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. Id.; see also Malchi, 211 F.3d at 958; Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996).

Tabibi's demotion in classification, which under certain circumstances might reduce his ability to earn time credits in the future, is also not actionable because the demotion does not have a definite and clear impact on the length of his prison confinement. Malchi, 211 F.3d at 957. Morever, as noted above, Tabibi's aggravated assault conviction bars him from using good-time credits to obtain an early release from prison. TEX. GOV'T CODE Ann. § 508.149(7).

Tabibi's complaint about being held in PHD before the hearing is not actionable because no due process interest is implicated by such confinement without a hearing. Tilmon v. Prator, 368 F.3d 521 (5th Cir. 2004). Nor does his complaint about being relegated to G4 custody entitle him to relief. An inmate does not have a liberty interest in his custodial classification, and he may be assigned to whatever housing is deemed appropriate for the needs of the institution as long as the conditions do not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Hernandez v. Velasquez, 522 F.3d 556, 562 (5th Cir. 2008). Placement in a more restrictive custody classification, by itself, is not a basis for a constitutional claim because it is a part of ordinary prison life. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that

the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Tabibi's habeas petition will be dismissed because it lacks an arguable basis in law. See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III. Certificate of Appealability

If Tabibi seeks to appeal the dismissal of this action, he must obtain a certificate of appealability (COA) before proceeding. See Haynes v. Quarterman, 526 F.3d 189, 192 (5th Cir. 2008). A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Haynes, 526 F.3d at 193, citing Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that

Tabibi has not made a substantial showing that reasonable jurists would find the court's ruling to be debatable; therefore, a Certificate of Appealability from this decision will not be issued if he were to file an appeal.

### IV. Conclusion

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the Petition and this Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 17th day of November, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE